Dear Ms. Norton:
The Secretary of State has received four separate documents purporting to call an election to fill the vacancy in the office of Mayor, City of Kenner, and thus, you seek our opinion. The facts are as follows:
On December 15, 2003, the Secretary of State received a letter of resignation from Mayor Louis Congemi, which anticipated his vacancy on December 31, 2003. Under R.S. 18:583(C) and 18:654 the vacancy was created upon receipt of the resignation letter by the Secretary on December 15, 2003.
On December 16, 2003, the Secretary of State sent a letter to the clerk of the City of Kenner, informing her of the resignation letter, the issuance of a commission to the council president who would assume the duties of mayor on January 1, 2004, and of the Election Code provisions [R.S. 18:602] providing for the governing authority to call a special election to fill the vacancy within 10 days [December 29, 2033, delayed due to state holidays].
On December 22, 2003, the Secretary of State received a proclamation from Mayor Congemi calling the special election to fill the vacancy for March 9, 2004 [primary] and April 17, 2004 [general], with qualifying January 28-30, 2004.
On December 29, 2003, the Secretary of State received a certified copy of minutes of the December 29, 2003 special session of the Kenner City Council, wherein a motion was passed by a vote of 4-3 [less than the 2/3 vote requirement of the charter, Sec. 2.22] to call a special election to fill the vacancy for September 18, 2004 [primary] and November 2, 2004 [general], with qualifying August 4-6, 2004. The Secretary also received an unnumbered resolution purporting to adopt the motion mentioned herein.
On December 30, 2003, the Secretary of State received another proclamation from Mayor Congemi calling the special election for the March/April 2004 election dates.
On January 7, 2004, the Secretary of State received a proclamation from Acting Mayor, Dominic Weilbaecher, calling the special election for the September/November 2004 election dates.
You seek our opinion on the following questions:
 1. How should the Secretary of State process the conflicting documents relating to the calling of the special primary election and special general election to fill the unexpired term of the Mayor, City of Kenner?
 2. When should the special primary election and special general election be held to fill the unexpired term of the Mayor, City of Kenner?
It is obvious that there are many different interpretations as to the law on this issue, since your office received four separate documents purporting to call an election to fill the vacancy at issue. It is our opinion, however, that the Secretary of State must perform his ministerial duty and simply process the first document received unless it is invalid on its face. That document, the proclamation by Mayor Congemi dated December 22, 2003, calls the special election under the provisions of the Kenner Home Rule Charter, Section 3.06, which provide as follows:
 Section 3.06. In the event of a vacancy in the office of the Mayor, . . .
 If the Mayor's unexpired term is greater than one (1) year, within ten (10) days from the creation of the vacancy, the Council shall call a special election to be held within sixty (60) days from the creation of the vacancy; provided, however, that if any special or regular election is to be held in the City after thirty (30) days and within ninety (90) days from the creation of the vacancy, then the mayoralty election shall be held in conjunction with such other election. If the Council fails to call the election within the time herein provided, the Acting-Mayor shall call the election within two (2) days of the expiration of the time herein provided for the Council to call the election. Prior to this election, the vacancy shall be filled by the President of the Council as Acting-Mayor.
Thus, the home rule charter mandates that the mayor's unexpired term, which is greater than one year in this case, be filled at a special election required to be called by the council within 10 days from the creation of the vacancy within 30-90 days if a special or regular election is scheduled to be held in the city at that time. There is in fact a regular presidential preference primary election on March 9, 2004 and a special vacancy election for an at-large seat on the Fourth Circuit Court of Appeal on March 9, 2004 and April 17, 2004, which includes the City of Kenner.
The Election Code, R.S. 18:602(G) exempts this home rule charter government from following that section on the filling of a vacancy, which is contrary to your letter to the clerk of the council on December 16, 2003. It is our understanding that you verbally instructed the governing authority, however, that they must comply with the 11 week requirement of R.S. 18:402(E)(1), which provides that there must be 11 weeks between a special primary election and the proclamation calling the special election. Therefore, you advised that the 11 week deadline was December 22, 2003.
In sum, it is clear that the council did not call the special election in accordance with the mandatory provisions of the charter and as advised by your office to meet the 11 week requirement of the Election Code, although they did in fact have time to do so from December 15-22, 2003. On the other hand, it appears from the face of the December 22, 2003 proclamation that the mayor complied with the mandatory requirements of the charter by calling the special election on a regularly scheduled election date on March 9, 2004 and April 17, 2004 and complied with the Election Code by issuing said call on December 22, 2003, in good faith reliance on the Secretary's 11 week deadline advice and the failure of the council to do so.
Trusting this opinion to have sufficiently advised your office, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb